UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tommy Lee Jones, #278136, | ) | C/A No. 4:07-3480-SB-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| | ) | |
| Dr. Kay; South Carolina Department of Corrections; Dr. Sampson; Dr. J. Valpey; RN Nurse Paycheck; Dr. P. Patel; RN Nurse Smith, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Tommy Lee Jones, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC employees as defendants.[2] Essentially, the plaintiff claims that improper medical treatment and improper prison transfers violated his rights. Plaintiff seeks $250,000.00 in damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* Plaintiff Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Section 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v.*

*Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Factual Background

Plaintiff Tommy Lee Jones alleges that he was twice wrongfully sent to the Campbell Pre-Release Center, which is an SCDC work release program. He alleges that due to his various health problems he should not have been transfer to the Campbell Pre-Release Center, and that he possesses a letter from Mrs. Linda Dunlap, the SCDC Director for Medical Health Services which states that due to the plaintiff's many health problems he "should never had suppose to be sent to the work program (sic)." (Compl. at p.4) He claims that "someone is at fault and very wrongfully responsible if I wasn't suppose to be there then why did the doctors send me and why did some put those [work] restrictions back on me." *Id.* He claims that "I was done wrong, my rights violated, and taken advantage of." (Compl. at p.5) The plaintiff further states that while he was in poor health the prison doctors transferred him to different prisons, changed his prescriptions and work restrictions, and, at the most recent two prisons, he had no air conditioning. The plaintiff seeks $250,000 in damages based upon his enduring pain and suffering and racial bias.

Discussion

I. <u>Failure to State a Claim.</u>

There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"); *McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). In other words, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and those decisions are not subject to review *unless* state or federal law places limitations on official discretion. *Cf. Hayes v. Thompson*, 726 F.2d 1015, 1017 (4th Cir. 1984) (remanding the case for a determination of whether Virginia prison regulations limit prison officials' discretion to transfer inmates).

It is known from other cases previously decided in this judicial district that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being placed in a particular prison, in a particular section of the prison, or being placed in administrative segregation. *Cf. Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (finding that South Carolina state law does not limit the discretion of prison officials' utilizing administrative segregation). In other words, since the plaintiff was committed to the custody of the South Carolina Department of Corrections, the choices of where and how the plaintiff is to be confined are to be determined by the South Carolina Department of Corrections without interference by the federal courts. Even assuming that the plaintiff was inappropriately transferred to the Campbell Pre-Release

Center two times (because his health was too poor to perform the required work), while inconvenient for the plaintiff, his federally guaranteed constitutional rights were not violated because SCDC officials have the discretion to transfer the plaintiff to any place they designate. *See Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976) (noting that the district court properly found that a prison committee's decisions regarding institutional placement, security classifications, and job assignments were not subject to constitutional scrutiny).

Even if the plaintiff could prove that his many prison transfers could rise to the level of cruel and unusual punishment, liberally construed the plaintiff did not allege an injury of constitutional magnitude but only a *de minimis* injury of discomfort and inconvenience of moving. *See White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (the alleged deprivation or injury needs to rise to the level of "'serious or significant physical or mental injury'"). Similarly, the plaintiff's claim related to his prison conditions in his two recent correctional institutions, that he lacked air conditioning, should be dismissed because he did not allege a serious injury caused by the lack of air conditioning. It is well established that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Contemporary standards of decency require that a State who restrains an individual's liberty so that he is unable to care for himself must provide for his basic human needs. *Id.* The Eighth Amendment is "implicated only in those cases where a prisoner is deprived of the 'minimal civilized measure of life's necessities.'" *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Conditions that are restrictive and even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Eighth Amendment prohibits

cruel and unusual punishments, not cruel and unusual conditions. *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). If a prisoner cannot demonstrate that he suffered serious or significant physical or mental injury as a result of the challenged prison condition, "he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Id.*[3]

Further, the plaintiff seems to complain that the doctors at different correctional institutions changed his prescription medicines and did not give him proper medical care. To state an Eighth Amendment violation based upon inadequate medical care, a plaintiff must allege that the defendant was deliberately indifferent to a serious medical need. *See Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). The plaintiff does not allege any facts that could demonstrate that any defendant acted with deliberate indifference by knowing of a medical need and failing to treat it. In fact, his complaint shows that he was attended to by doctors at the different institutions. Therefore, the plaintiff fails to state a claim of constitutional magnitude for deliberate medical indifference. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir.1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) (applying Daniels vs. Williams and Ruefly v. Landon: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct.").

Finally, although the plaintiff mentions "racial bias" in his complaint, he does not allege his particular race, nor the race(s) of the defendants, nor any facts whatsoever that would tend

---

[3] Notably after *Strickler*, in 1996 Congress added 42 U.S.C. § 1997e(e), which provides that no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury.

to show that the defendants acted wrongfully toward him based upon his race. Accordingly, the claim for racial bias should be dismissed for failure to state a claim.

II. Failure to Exhaust Administrative Remedies.

Even if the plaintiff had stated a claim upon which relief may be granted, this action should be dismissed for failure to exhaust administrative remedies. On the face of the complaint, the plaintiff clearly indicated that he filed a grievance on October 2, 2007, and that as of October 12, 2007, the day he signed his complaint, he had not yet received a determination on his grievance. (Compl. at p.2) The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). *See Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the United States Supreme Court recently held that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints," *Jones v. Bock*, 127 S.Ct. 910 (January 22, 2007), in a rare case where the face of the complaint clearly shows that the inmate

7

has not exhausted his administrative remedies, *sua sponte* dismissal would be appropriate. *Anderson v. XYZ Corr. Health Serv.*, 407 F.3d 674, 683 (4th Cir. 2005).

An SCDC inmate must wait approximately 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court. This time period gives the prison administrators a chance to resolve the matter without implicating judicial oversight of prison administration which is disfavored. Specifically, the SCDC policy time limits are summarized as follows:

> **(1)** an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident; **(2)** the Warden designee has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system; **(3)** the Warden should respond to the grievant in writing within forty (40) days; **(4)** the inmate may appeal by completing a Form 10-5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and **(5)** a responsible SCDC official will have sixty (60) days to respond to the Step 2 grievance plus five (5) days for the grievant to be served.

*See* SCDC Inmate Grievance System Policy issued 1-1-2006. The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.*

Importantly, the SCDC policy provides that if, at the institutional level, the response to the grievance exceeds the established time limits, *the grievance will automatically proceed to the next level of appeal. See* Section 13.6 of SCDC Policy issued 1-1-2006 (emphasis added). Accordingly, when the Warden fails to respond to an inmate's Step 1 grievance, the inmate must refrain from filing suit in federal court until all time periods for both steps to be completed have expired (approximately 114 days). Presumably this is because within the SCDC the Step 1 grievance automatically proceeds to the next level of appeal where the Inmate Grievance Coordinator may respond to the inmate and resolve his complaint. The Supreme Court held that the PLRA "seeks to

'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006) (proper exhaustion of administrative remedies is necessary).  After approximately 114 days have passed, he will have exhausted "such administrative remedies as are available." 42 U.S.C. § 1997e(a).  *E.g. Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).  In this case, it is apparent from the face of the complaint that the plaintiff waited approximately ten (10) days from presenting his grievance to file a complaint in federal court.  Because the plaintiff's October 2, 2007, grievance is still considered pending until approximately 114 days have passed, this action should be summarily dismissed *without prejudice*.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**The petitioner's attention is directed to the important notice on the next page.**


                                               s/Thomas E. Rogers, III
                                               Thomas E. Rogers, III
                                               United States Magistrate Judge

November 9, 2007
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).